**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eight Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

HELBERTH CABRERA,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the class,*

           Plaintiff,

   v.

CITY SCRAP METAL, INC.,
d/b/a CITY SCRAP METAL,
d/b/a CITY METAL TRADERS,
CITY METAL SUPPLY, INC.,
d/b/a CITY SCRAP METAL,
d/b/a CITY METAL TRADERS,
MICHELE ROTHMAN, and
ALAN ROTHMAN,

          Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff, HELBERTH CABRERA (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, CITY SCRAP METAL, INC., d/b/a CITY SCRAP METAL, d/b/a CITY METAL TRADERS, CITY METAL SUPPLY, INC., d/b/a CITY SCRAP METAL, d/b/a CITY METAL TRADERS, (the "Corporate Defendants"), MICHELE ROTHMAN. and ALAN ROTHMAN ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that Plaintiff, FLSA Collective Plaintiffs, and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime premium, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and other similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages, including overtime, due to time-shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, HELBERTH CABRERA, is a resident of Queens County, New York.

6.      Defendants collectively own and operate two (2) metal recycling centers at the following locations:

   a)  "City Scrap Metal" located at 49-29 31st Street, LIC, New York, 11101, and

   b)  "City Metal Traders" located at 34-10 Borden Ave, LIC, New York, 11101 (and collectively the "Recycling Centers")

7.     The Recycling Centers operate as a single integrated enterprise under the common control of Corporate and Individual Defendants. Specifically, the Recycling Centers are engaged in related activities, share common ownership, and have a common business purpose.

(a) All the Recycling Centers are under the control of Corporate and Individual Defendants. Specifically, Individual Defendants MICHELE ROTHMAN and ALAN ROTHMAN operates the totality of the Recycling Centers and share the President/CEO position. *See* **EXHIBIT A**.

(b) Defendants' Headquarter is located at 34-10 Borden Avenue, New York, NY 11101. Despite that each Recycling Center has a different place of business; Defendants manage and administer the Recycling Centers from the same office. *See* **EXHIBIT B**.

(c) Moreover, all the Recycling Centers have a centralized Human Resources that deals with hiring, firing, and administering all the Recycling Centers work force. Moreover, all the Recycling Centers conduct interviews and train employees at the same location on 49-29 31st Street, New York, NY 11101. *See* **EXHIBIT C.**

(d) Furthermore, all the Recycling Centers share the same phone number. *See* **EXHIBIT D**.

(e) The Recycling Centers provide at all locations similar services at similar prices. In addition, employees at the Recycling Centers are interchangeable between locations on a regular basis.

8.     Corporate Defendants:

(a)     Corporate Defendant CITY SCRAP METAL, INC., d/b/a CITY SCRAP METAL, d/b/a CITY METAL TRADERS, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 49-29 31st Street, LIC and address for service of process located at 34-10 Borden Avenue Long Island City, New York 11101.

(b)     Corporate Defendant CITY METAL SUPPLY, INC., d/b/a d/b/a CITY SCRAP METAL, d/b/a CITY METAL TRADERS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 34-10 Borden Avenue Long Island City, New York 11101

9.     Individual Defendant, MICHELE ROTHMAN is a principal and executive officer of Corporate Defendants. Defendant MICHELE ROTHMAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. MICHELE ROTHMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, MICHELLE ROTHMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MICHELE ROTHMAN exercised functional control over the business and financial operations of all Corporate Defendants. MICHELE ROTHMAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10.     Individual Defendant, ALAN ROTHMAN is a principal and executive officer of Corporate Defendants. Defendant ALAN ROTHMAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ALAN ROTHMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, ALAN ROTHMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ALAN ROTHMAN exercised functional control over the business and financial operations of all Corporate Defendants. ALAN ROTHMAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, laborers, warehouse workers, stockers, machine operators, cashiers, cleaners, truck drivers, and helpers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to a policy of time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, laborers, warehouse workers, stockers, machine operators, cashiers, cleaners, truck drivers, and helpers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay wages, including overtime, for all hours worked due to time-shaving (ii) failing to provide proper wage statements per requirements of the NYLL, and (iii) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

20.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small, in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

    b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

    e.  Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

    f.  Whether Defendants paid Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek under the NYLL

    g.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked due to a policy of time-shaving;

h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws;

i. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws;

j. Whether Defendants failed to properly withhold taxes from the wages of Plaintiffs and the Class; and

k. Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked.

## STATEMENT OF FACTS

25. In or around February 2019, Plaintiff HELBERTH CABRERA was hired by Defendants to work as a laborer for Defendant's warehouse, located at 34-10 Borden Avenue, Long Island City, New York 11101. Plaintiff's employment by Defendants terminated in or around June 2019.

26. Throughout his employment, Plaintiff was regularly scheduled to work six (6) days, from Mondays to Fridays from 7:30 a.m. to 5:00 p.m. and Saturdays from 7:30 a.m. to 1:00 p.m., for a total of fifty-three (53) hours per week.

27. During his employment with Defendants, Plaintiff CABRERA performed substantial off-the-clock work after his scheduled shifts without proper compensation. Specifically, Plaintiff was required to perform work for at least half hour past his scheduled shifts without payment because Defendants failed to properly track Plaintiff, FLSA Collective Plaintiffs, and Class members worked hours. Therefore, Plaintiff CABRERA engaged in off-the-

clock work for at least seven (7) hours per week, resulting in unpaid wages, including overtime, for such time-shaving violations. FLSA Collective Plaintiffs and Class members similarly engaged in off-the-clock work without compensation.

28.     During his employment with Defendants, Plaintiff was compensated $13 per hour. At all relevant times, Plaintiff was not paid the statutory minimum wage, pursuant to the NYLL.

29.     At all relevant times, Plaintiff worked a total of more than forty (40) hours each workweek. However, Defendants did not pay him all of his overtime premium for those hours he worked in excess of forty (40) each workweek, due to a policy of time shaving.

30.     Defendants knowingly and willfully operated their business with a policy of not paying the statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of the FLSA and NYLL.

31.     Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked, and the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of the FLSA and NYLL.

32.     At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage notices, at the beginning of employment and annually thereafter as required by the NYLL.

33. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by the NYLL. Plaintiff and Class members received fraudulent wage statements that reflected only part of their hours, and not actual hours worked.

34.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF

35.    Plaintiff realleges and reavers Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38.    At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

39.    At all relevant times, Defendants engaged in a policy and practice of refusing to pay the statutory minimum wages to Plaintiff and FLSA Collective Plaintiffs.

40.    At all relevant times, Defendants had a policy and practice of time-shaving that failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

41.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for all hours worked due to a policy of time-shaving.

42.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA due to a policy of time-shaving

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51.     Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them at the prevailing minimum wage.

52.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to a policy of time-shaving.

53.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

54.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

55.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid wages, including overtime, due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs, and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages due under the NYLL;An award of unpaid compensation, including overtime, due to Defendants' policy of time-shaving;

d.  An award of statutory penalties, prejudgment, and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

e.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

f.  Designation of this action as a class action pursuant to F.R.C.P. 23;

g.  Designation of Plaintiff as Representative of the Class;

h.  Costs attributable to resolving deficiencies;

i.  That Defendants be ordered to take all the necessary steps to correct the information returns identified above; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: October 7, 2021                   Respectfully submitted,
        New York, New York

                                   By:   */s/ C.K. Lee*
                                         C.K. Lee, Esq.

                                   **LEE LITIGATION GROUP, PLLC**
                                   C.K. Lee (CL 4086)
                                   Anne Seelig (AS 3976)
                                   148 W. 24th Street, 8th Floor
                                   New York, NY 10011

Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*